UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| JAMES GAMBILL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:07-8-JMH |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION AND ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's[1] denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 9, 13].[2] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.   OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), the Court has substituted Astrue for former Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] These are not traditional Rule 56 cross motions for summary judgment. Rather, it is a procedural device used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impariment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On September 10, 2003, the plaintiff filed his fifth application for Supplemental Security Income benefits. ALJ Andrew J. Chwalibog held a hearing on Plaintiff's application on November

2

10, 2005.

At the time of the ALJ's decision, the plaintiff was 42 years old. Administrative Record ("AR") at 18. He has a high school education and past relevant work as an EMT and as a laborer. *Id.* Plaintiff alleges disability beginning on May 18, 2000, as a result of degenerative pathology of the cervical and lumbar spine, blurred vision, borderline non-insulin dependent diabetes, and gastritis. *Id.* at 18, 19. On March 27, 2006, the ALJ made the following findings of fact in determining that Plaintiff was not entitled to disability benefits:

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant's degenerative pathology of the cervical spine and degenerative pathology of the lumbar spine, are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(c).
>
> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The claimant has the residual functional capacity to perform light level work. He can stand/walk at least 4 hours, one hour without interruption. He can sit 5 hours total in an 8 hour day, 1-2 hours without interrupting. He can do no sustained overhead work (lifting or reaching overhead); no push/pull with left upper extremity; no climbing high ladders, or work in the vicinity of heavy moving machinery, or at unprotected heights or exposure to excessive floor vibrations, no operation of other mobile equipment that would expose to jars, jolts, jostle, no regular use of hand held vibration type tools, only occasionally bend, stoop, crouch, squat, kneel, or

crawl, and must be permitted to wear corrective lenses as required.

6. The claimant is unable to perform any of his past relevant work (20 CFR § 416.965).

7. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 416.963).

8. The claimant has a "high school (or high school equivalent) education" (20 CFR § 416.964).

9. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 416.968).

10. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 416.967).

11. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 as framework for decision-making, there are a significant number of jobs in the national economy that he could perform.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).

*Id.* at 23-24.

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279

4

F.3d 348,353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

Plaintiff argues that the case should be remanded because the ALJ did not cite the report provided by his vocational expert, William J. Weikel, Ph.D. After reviewing records provided by Plaintiff's counsel and conducting a face-to-face interview on September 29, 2003, Dr. Weikel determined that "Mr. Gambill is most likely permanently occupationally disabled as a result of his serious injuries." AR at 776-77.

In support of his argument, Plaintiff relies on Social Security Ruling 06-03p, Titles II and XVI: Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies ("SSR 06-03p"), 71 Fed. Reg. 45593-03 (Aug. 9, 2006), which clarifies how the Commissioner considers opinions from sources who are not "acceptable medical sources." According to SSR 06-03p, when making a determination or decision of disability, the Commissioner, "will

consider all of the available evidence in the individual's case record," including information from non-medical sources that shows "the severity of the individual's impairment(s) and how it affects the individual's ability to function." 71 Fed. Reg. at 45594. When evaluating the weight to be assigned to opinion evidence from a non-medical source, the Commissioner will assess such factors as

> (1) How long the source has known and how frequently the source has seen the individual;
> (2) How consistent the opinion is with other evidence;
> (3) The degree to which the source presents relevant evidence to support an opinion;
> (4) How well the source explains the opinion;
> (5) Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
> (6) Any other factors that tend to support or refute the opinion.

71 Fed. Reg. at 45595. "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 71 Fed Reg. at 45596.

SSR 06-03p was published on August 9, 2006, after the ALJ's March 27, 2006, ruling. In accordance with the Social Security Act's requirement that the Commissioner "consider all evidence available" when determining whether an individual is disabled, 42 U.S.C. § 423(d)(5)(B), SSR 06-03p applies the factors for considering medical opinions, 20 CFR § 404.1527(d), 20 CFR § 416.927(d), to non-medical opinions. *See* 71 Fed. Reg. at 45595.

6

Although SSR 06-03p says the ALJ should generally explain the weight given to opinions such as Dr. Weikel's, the Court will not apply this requirement retroactively. At the time of the ALJ's ruling, it was well-settled law that a court was not required to "spell out" the weight it attached to testimony so long as the Court's opinion reflected that it "'considered the entire record.'" *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988). The ALJ's opinion explicitly states that he "review[ed] all of the evidence of record." AR at 18.

Even if the ALJ were required to discuss the weight assigned to Dr. Weikel's opinion, "remand would be an idle and useless formality." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 (1969). Dr. Weikel took Plaintiff's complaints of pain at face value. AR at 776-78. The ALJ, on the other hand, concluded that "the claimant's allegations of disabling pain, and physical complaints with the corresponding limitations are deemed excessive, not fully credible." AR at 21. Since Dr. Weikel's opinion is based at least in part on evidence that the ALJ deemed not credible, and since the ALJ also questioned another, unbiased vocational expert at the hearing, AR at 1410-13, "a remand for express findings would be a wasteful corrective exercise." *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981).

**V.   CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 13] be, and the same hereby is, **GRANTED**.

(2) That the plaintiff's motion for summary judgment [Record No. 9] be, and the same hereby is, **DENIED**.

This the 30th day of May, 2007.



**Signed By:**
*Joseph M. Hood*
**United States District Judge**